IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| GENE COGGINS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:08-cv-295-TMH |
| | ) | |
| UNITED STATES DISTRICT COURT | ) | (WO - Do Not Publish) |
| MIDDLE DISTRICT OF ALABAMA, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

On April 18, 2008, Plaintiff Gene Coggins, a frequent *pro se* litigant[1] in this Court, brought suit against the United States District Court for the Middle District of Alabama, the Clerk of the Court, all of the Magistrate Judges currently serving on this Court, a person who served as a Magistrate Judge for this Court until her resignation on December 31, 2006, all of the active District Judges, and one of the Court's Senior Judges.[2] Along with the

---

[1] Including this case, it appears that Coggins has filed thirty-three lawsuits in this Court since 1992. All but seven of those suits have been filed in the past five years. Twelve of the cases have been filed in the past four months.

[2] Specifically, the Complaint names the following defendants: the United States District Court for the Middle District of Alabama; Chief United States District Judge Mark E. Fuller; Magistrate Judge Susan Russ Walker; Magistrate Judge Terry F. Moorer; Chief Magistrate Judge Charles S. Coody; United States District Judge Myron H. Thompson; United States District Judge W. Keith Watkins; Senior United States District Judge W. Harold Albritton; former Magistrate Judge Delores R. Boyd; Clerk of the Court, Debra P. Hackett; and Magistrate Judge Wallace Capel Jr.

Complaint (Doc. # 1),[3] Coggins filed an Affidavit or Declaration in Support of Motion to Proceed *in Forma Pauperis* (Doc. #2), which this Court construes as a Motion for Leave to Proceed *in Forma Pauperis*, and a Motion to Use the Appendix System (Doc. # 3).[4]  For purposes of this Memorandum Opinion and Order, the Court assumes, *without deciding*, that Coggins satisfies the economic eligibility criterion for proceeding *in forma pauperis* under 28 U.S.C. § 1915(a).

## SUMMARY OF ALLEGATIONS

By bringing this lawsuit, Coggins seeks $3,050,000,000.00 in damages from the named defendants.  He does not seek either declaratory or injunctive relief.  He alleges that the named defendants have denied him process of service of prior lawsuits on defendants

---

[3] Coggins has labeled his initial filing as "Complaint, Motion for Civil Rights Violations, Corruption in Court Procedures, Intentional Fraud, Breaking Oath of Office, and Perjury."  The Court will refer to this document simply as the Complaint.

[4] In this motion, Coggins purports to seek leave to "use the Appendix System, according to and in[sic] pursuant to Rule 34(A), of the Federal Rules of Civil Procedures." (Doc. #3).  Rule 34(a) of the Federal Rules of Civil Procedure pertains to discovery requests and makes no reference whatsoever to any "Appendix System."  In the body of this motion, Coggins states that he does not desire oral argument on the issues in this case.  It is possible then that he is attempting to argue pursuant to the Federal Rule of Appellate Procedure 34(a) that oral argument is not necessary in this case.  It is not clear to the Court what Coggins is requesting.  The Court notes that the Federal Rules of Appellate Procedure are not applicable to this Court; they govern procedural events during appeals to the Circuit Courts of Appeals.  Moreover, this Court has the discretion to require litigants to appear for oral argument of any motion.  Thus, Coggins' Motion to Use the Appendix System (Doc. # 3) is due to be DENIED.

named in those actions.[5]  He alleges that the judicial defendants named in this action have played the role of judge and attorney to defendant in every case he has presented.  He alleges that his right to a speedy trial has been violated.  In the Notice attached to the Complaint, Coggins also complains that Judge Fuller has involved himself in cases when Coggins had pending lawsuits against him allegedly in violation of the law and that other judges are also involved with this sort of allegedly illegal operation.  He alleges that the named defendants denied his rights under the United States Constitution to due process of law and to trial by jury.  Specifically, he faults the named defendants for the alleged dismissal of eighteen prior lawsuits filed in this Court.[6]  The following lawsuits are identified in the Complaint:

- **3:08cv-255-MHT** - a lawsuit Coggins filed on April 7, 2008, against state-court Judge Tom Young and dismissed prior to service by Judge Myron H. Thompson pursuant to 28 U.S.C. §1915.

---

[5]  The only clear allegations against the Clerk of the Court, Debra P. Hackett, are found in the Notice attached to the Complaint wherein Coggins alleges:

WITH THE CLERK, DEBRA P. HACKET[sic], DIRECTLY OR THROUGH ASSOCIATION IMPROPER HANDLING OF THE SUMMONS AMD[sic] DEFAULT JUDGMENT FILED WITH THESE CASE[sic] PLACES EVRY[sic] ONE GUILTY OF A CONSTITUTION[sic] VIOLATION FOR BREAKING THEIR OATH OF OFFICE AND PERJURY, FOR NOT UPHOLDING THE CONSTITUTIONAL LAWS AS GIVEN.

[6]  The list of lawsuits appears on page 7 of the Complaint.  The Court takes judicial notice of the factual nature of the lawsuits and information concerning procedural events in the lawsuits found in the publicly available records of the court for each case.  In the Complaint, Coggins merely identifies the lawsuits by case number and does not provide further information about each suit other than his allegation that the suits were all dismissed prior to service.  Court records support this allegation for most, but not all, of the cases.

- **3:08cv259-MHT** - a lawsuit Coggins filed on April 7, 2008, against municipal judge for the Town of Jackson's Gap, Benjamin H. Parr and dismissed prior to service by Judge Myron H. Thompson pursuant to 28 U.S.C. §1915.

- **3:08cv263-TMH** - a lawsuit filed on April 7, 2008 against a municipal water authority. This case remains pending and is assigned to the undersigned judge.[7]

- **3:08cv257-TMH** - a lawsuit filed on April 7, 2008 against an individual named John Scoggins. This case remains pending and is assigned to the undersigned judge.[8]

- **3:08cv262-TMH** - a lawsuit filed on April 7, 2008 against an individual named Jimmy Abbett. This case remains pending and is assigned to the undersigned judge.[9]

- **3:08cv258**-**MHT -** a lawsuit filed on April 7, 2008 against Ray Martin, who is alleged to be a judge at the Tallapoosa County Courthouse and who allegedly denied Coggins a continuance of a hearing in that court, and dismissed prior to service by Judge Myron H. Thompson pursuant to 28 U.S.C.

---

[7] As this case has not been dismissed and is currently pending before the undersigned judge, the Court fails to see how Coggins' allegations with respect to alleged improper dismissal by a defendant to this action could ever be proved.

[8] *See* footnote 5.

[9] *See* footnote 5.

§ 1915.

- **2:07cv709-WKW** - a lawsuit filed on August 6, 2007 against Chief Judge Mark E. Fuller of the United States District Court for the Middle District of Alabama and dismissed prior to service pursuant to 28 U.S.C. § 1915 by Judge W. Keith Watkins.

- **3:07cv525-WKW** - a lawsuit filed on June 14, 2007 against Gloria Sinclair, a state court probate judge in Tallapoosa County and dismissed prior to service pursuant to 28 U.S.C. § 1915 by Judge W. Keith Watkins.

- **3:06cv77** - this case number does not correlate with any of Coggins' prior suits. The only case assigned the number 06cv77 did not involve Coggins.

- **3:07cv687** this case number does not correlate with any of Coggins' prior suits. The only case assigned the number 07cv687 did not involve Coggins. Coggins was the plaintiff in 3:06cv687-WHA. Coggins filed that lawsuit filed on August 4, 2006 against Gloria Sinclair, a state court probate judge in Tallapoosa County, Tallapoosa County, and several other individual defendants. This case was assigned to Senior District Judge W. Harold Albritton who referred the case to Magistrate Judge Delores R. Boyd for action and recommendation on all pretrial matters. After service of the suit on the named defendants was completed and after some of the named defendants had filed motions to dismiss, Magistrate Judge Delores R. Boyd recommended that

5

the action be dismissed against all defendants for lack of subject matter jurisdiction. After considering Coggins' objection to the recommendation, Judge Albritton dismissed the case. Coggins appealed, but his appeal was dismissed due to his failure to pay the filing and docketing fees. Interestingly, Coggins paid the initial filing fee when he initiated this action. He did not seek leave of court to proceed *in forma pauperis*.

- **3:07cv402-MEF** - a lawsuit filed on May 9, 2007 against the City of Jackson's Gap, the Jackson's Gap Police Department, the Tallapoosa County District Attorney Office, and Tallapoosa County. This case was referred to Magistrate Judge Terry Moorer for a recommendation. Magistrate Judge Moorer recommended dismissal of some claims prior to service. Judge Fuller overruled Coggins' objections and adopted this recommendation. The remaining defendant moved to dismiss and that motion was granted.

- **3:08cv256-MHT** - a lawsuit filed on April 7, 2008 against E. Paul Jones, a District Attorney, and dismissed prior to service by Judge Myron H. Thompson pursuant to 28 U.S.C. § 1915 on the basis of prosecutorial immunity.

- **3:07cv406-MEF**- - a lawsuit filed on May 9, 2007 against the Tallapoosa County District Attorney Office, the Tallapoosa County Sheriff Department, and Tallapoosa County. Judge Fuller dismissed the claims against the Tallapoosa County Sheriff Department prior to service pursuant to 28 U.S.C.

§ 1915. Thereafter Coggins clarified that he had not intended his suit to be brought against the Tallapoosa County District Attorney Office. This case was referred to Magistrate Judge Terry Moorer for a recommendation and consolidated with another related case. Magistrate Judge Moorer recommended dismissal of some claims prior to service. Judge Fuller overruled Coggins' objections and adopted this recommendation. The remaining defendant moved to dismiss and that motion was granted.

- **3:07cv1010-MHT** - this lawsuit was filed on November 16, 2007 against Mike Coggins and Diane Harrelson for grand larceny and fraud and for creating a constitutional violation in the protection of one's personal property. Judge Thompson referred the matter to Magistrate Judge Susan Russ Walker for a recommendation. She recommended dismissal of the action. Judge Thompson dismissed the action prior to service. Coggins appealed, but failed to prosecute his appeal in a timely fashion resulting in the dismissal of his appeal.

- **3:07cv1028-WKW** - this lawsuit was filed on November 21, 2007 and it names Jerry Thrower and the City of Lanett as defendants. Judge Watkins, to whom the case was assigned, referred the matter to Magistrate Judge Terry F. Moorer for a recommendation and for action on pretrial matters. Magistrate Judge Moorer recommended dismissal prior to service pursuant to 28 U.S.C. § 1915 and Judge Watkins adopted that recommendation.

- **3:04cv94** - this case number does not correlate with any of Coggins' prior suits. The only case assigned the number 04cv94 did not involve Coggins.

- **3:07cv991-MEF**- a lawsuit filed on November 5, 2007 against Linda Harris, the Revenue Commissioner for Tallapoosa County. Judge Fuller referred the matter to Magistrate Judge Susan R. Walker for recommendation and action on all pretrial matters. She recommended dismissal prior to service pursuant to 28 U.S.C. § 1915. Judge Fuller adopted that recommendation overruling Coggins' objection to it.

- **3:07cv698-MEF**- a lawsuit filed on August 2, 2007 against Tom Young, a state court Circuit Judge and dismissed by Judge Fuller prior to service pursuant to 28 U.S.C. § 1915.

## DISCUSSION

Upon review of the complaint filed in this case, the Court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B). The statute provides, in pertinent part:

> [T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Thus, Section 1915

> allows the district court to dismiss the complaint prior to service of process if it determines the complaint to be frivolous or malicious and spare the defendant the inconvenience and expense of answering a frivolous complaint.

*Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. June 16, 1981).[10] *See also, Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

Because the defendant judges are all sued for actions they took while acting in their judicial capacity, they are entitled to absolute judicial immunity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). *Accord, Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Dennis v. Sparks,* 449 U.S. 24, 27-29 (1980); *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* Whether a judge's actions were made while acting in his or her judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his or her judicial capacity. *See, e.g., Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Scott v. Hayes*,

---

[10] In *Bonner v. City of Prichard*, *Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

719 F.2d 1562, 1565 (11th Cir. 1983).

Coggins' allegations against the defendant judges all clearly implicate acts taken in their judicial capacity for which they are entitled to absolute judicial immunity. Without commenting on the merits or lack thereof of any of the numerous lawsuits filed by Coggins, if a district judge or a clerk or a magistrate judge has been in error in rulings or official court actions initiated by them, the path for challenging such rulings is an appeal to an appellate court. The law does not subject a court, a judge, a clerk or a magistrate judge to suit by unsuccessful litigants. Thus, Coggins' dispute with the rulings of the defendant judges in other cases does not state a cognizable federal claim. His sole remedy for his dissatisfaction with the rulings of the defendant judges is to seek further relief in those cases by timely and properly pursuing an appeal of the rulings to the appropriate appellate court. Because it is clear that Coggins cannot cure this pleading defect, his claims against the defendant judges must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as those claims are based on an indisputably meritless legal theory. *See Neitzke*, 490 U.S. at 327.

Quasi-judicial immunity bars Coggins' claims against the Clerk of the Court. Quasi-judicial immunity extends to those servants and agents who facilitate the judicial process. *See, e.g., Kipkirwa v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 145 F.3d 1338 (9th Cir. 1998) (affirming dismissal of claims against federal judges and clerks on the grounds of absolute judicial immunity and quasi-judicial immunity); *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2nd Cir. 1997) (extending judicial immunity to clerks of the court for tasks which are judicial in

nature and an integral part of the judicial process or for administrative functions undertaken pursuant to explicit direction of a judicial officer or pursuant to established practice of the court); *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981), *cert.* denied, 459 U.S. 840 (1982); *Awala v. Gold*, No. 08-20248-CIV, 2008 WL 540687 at *1-*2 (S.D. Fla. Feb. 25, 2008) (dismissing claims against Clerk of the Court, judges, and the federal district court itself pursuant to 28 U.S.C. § 1915(e)); *Hanner v. U.S. Gov't*, 660 F. Supp. 77, 78 (S.D. Miss. 1986) (recognizing that clerk has quasi-judicial immunity from suit); *Anderson v. United States of America*, No. 90-2638-LFO, 1990 WL 183514 at *1 (D.D.C. Nov. 13, 1990) (dismissing claim against clerk of the court for failure to serve *in forma pauperis* complaint).  Thus, like the claims against the defendant judges, the claims against the Clerk of the Court Debra P. Hackett are due to be dismissed because they are also frivolous and based on an indisputably meritless legal theory.

Finally, Coggins' claims against the United States District Court for the Middle District of Alabama are frivolous and based on an indisputably meritless legal theory.  As a part of the government of the United States of America, the United States District Court for the Middle District of Alabama is entitled to sovereign immunity which bars suit absent an explicit waiver of that immunity.  *See, e.g., United States v. Shaw*, 309 U.S. 495, 500-01 (1940) (a suit against the United States or its agencies is barred by the doctrine of sovereign immunity unless the United States gives prior consent to suit).

11

Even if the Court were to construe Plaintiff's action as a *Bivens* action,[11] the action is meritless. A *Bivens* claim is a judicially created counterpart to a 42 U.S.C. § 1983 civil rights action and is properly brought only against federal officials, who have allegedly denied a plaintiff's constitutional rights, in their individual capacities. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971); *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). Because a *Bivens* cause of action may be brought only against federal defendants in their individual capacities, Coggins claims against the United States District Court for the Middle District of Alabama are meritless. *See also, Accardi v. United States*, 435 F.2d 1239 (3rd Cir. 1970); *Fixel v. United States*, 737 F. Supp. 593, 598 (D. Nev. 1990) (dismissing as frivolous under § 1915 suit against federal district court), *aff'd* 930 F.2d 27 (9th Cir. 1991). Similarly, any claim under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 1346(b)(1), 2671 *et seq.*, is without merit. 28 U.S.C. § 2679(a); *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir.1990).

While Coggins complains about the fact that many of his prior cases have been dismissed by the defendant judges *sua sponte* prior to service, this practice is wholly consistent with federal law. As the Eleventh Circuit Court of Appeals recently explained, it is the recognized law of this circuit

---

[11] While Coggins does not explicitly claim to be bringing a *Bivens* action, this is one of few ways to bring suit against a federal actor that is not barred by the doctrine of sovereign immunity.

>that district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties. *See Jefferson v. Fourteenth Assocs.*, 695 F.2d at 526. Under § 1915A, a complaint is frivolous if it is "without arguable merit either in law or fact." *Bilal*, 251 F.3d at 1349. In discussing what is frivolous in the context of 28 U.S.C. § 1915(e)(2)(B)(i), [the Eleventh Circuit] also ha[s] held that "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 292 (11th Cir. 1993).

*Davis v. Kvalheim*, No. 07-12754, 2008 WL 67676 at *3 (11th Cir. Jan. 8, 2008). A district court is not required to allow a clearly baseless action to proceed to allow a litigant to employ "the legal system as a tool to intimidate and heckle those he imagines have done him wrong." *Id.*

As set out above, the Court finds that all of Coggins' claims in this action: (1) are frivolous or malicious;[12] (2) fail to state any claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Section 1915(e) not only allows, *but expressly requires*, district courts to dismiss such invectives. That federal statute provides that a district court "shall" dismiss a complaint at any time if the court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Thus,

---

[12] The Court finds that Coggins' claims in this action are frivolous. The Court also suspects that the manifest purpose of Coggins' compliant is not to rectify any cognizable harm, but only to harass the judges and clerk of this court because he disagrees with the prior actions of this court. It is worth noting that in similar circumstances some courts have also characterized such claims as malicious. *See, e.g., Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2nd Cir. 1999) (interpreting as mandatory identical language in provision of § 1915 addressing suits by inmates in a factually similar context and finding the plaintiff's claims warranted dismissal as "malicious.")

the Court must and will dismiss Coggins' claims as set forth in the Complaint in this case.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1. Even assuming *arguendo* that the Motion for Leave to Proceed *in Forma Pauperis* (Doc. # 2) is due to be GRANTED to the extent that Plaintiff Gene Coggins' Complaint could be filed without the prepayment of fees, Plaintiff Gene Coggins' Complaint is hereby DISMISSED prior to service on Defendants prior to service pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) - (iii).

2. The Motion to Use the Appendix System (Doc. # 3) is DENIED as it is without merit.  In the alternative, this motion is DENIED as MOOT.

3. An appropriate judgment will be entered consistent with this Memorandum Opinion and Order.

DONE this the 28th day of April, 2008.

/s/ Truman M. Hobbs<br>
SENIOR UNITED STATES DISTRICT JUDGE